IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEREMY DEANS,<br><br>    Plaintiff,<br><br>vs.<br><br>SUSHMA DEWAN,<br><br>    Defendant. | 8:22CV34<br><br><br>**MEMORANDUM<br>AND ORDER** |

  Plaintiff, a non-prisoner, has been given leave to proceed in forma pauperis. The court now conducts an initial review of Plaintiff's Complaint (Filing 1).

## I. APPLICABLE STANDARDS ON INITIAL REVIEW

  The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). As part of its initial review, this court also has an independent obligation to determine whether subject matter jurisdiction exists. *See Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affairs*, 439 F.3d 832, 836 (8th Cir. 2006); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

  Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a

general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.*, at 849 (internal quotation marks and citations omitted).

## II. SUMMARY OF COMPLAINT

Plaintiff alleges that Defendant, who presumably is an owner or employee of an Omaha storage company, made false statements to a Nebraska agency about Plaintiff's claim for unpaid wages and also filed a false police report, which led to Plaintiff's arrest. Plaintiff seeks compensatory damages for costs associated with defending against the criminal charge, lost wages, and reputational injury, plus punitive damages.

## III. ANALYSIS

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The subject-matter jurisdiction of the federal district courts is generally set forth in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (i.e., in a civil action arising under the Constitution, laws, or treaties of the United States) or when the parties are of diverse citizenship and the amount in controversy exceeds $75,000.

"A pleading that states a claim for relief must contain ... a short and plain statement of the grounds for the court's jurisdiction ...." Fed. R. Civ. P. 8(a)(1). Plaintiff's Complaint does not set forth a jurisdictional basis for his claims against Defendant, and the court cannot find any basis on the facts alleged.

Plaintiff indicates he and Defendant and both Nebraska residents, and does not allege there is diversity of citizenship. Plaintiff also does not allege that amount in controversy exceeds $75,000. Indeed, the total amount of damages claimed is less than $75,000.

No federal labor laws are alleged to have been violated, and no constitutional claim can be maintained against a private party under 42 U.S.C. § 1983. Only state

actors can be held liable under Section 1983. *Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). "Private individuals who commit torts, i.e., civil wrongs, against other private parties are generally not acting under color of state law when they commit those acts." *Blair v. Anderson*, No. 4:04CV3229, 2006 WL 2128010, at *2 (D. Neb. July 26, 2006).

Reporting a perceived crime to police does not make one a state actor for purposes of 42 U.S.C. § 1983. *Frazier v. Jessen*, No. 8:20CV519, 2021 WL 1238499, at *2 (D. Neb. Apr. 2, 2021); *see Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009) ("[T]he mere furnishing of information to a law enforcement officer, even if the information is false, does not constitute joint activity with state officials."); *Wickersham v. City of Columbia*, 481 F.3d 591, 598 (8th Cir. 2007) ("[T]he mere invocation of state legal procedures, including police assistance, does not convert a private party into a state actor."); *see also Walker v. Ware*, No. 5:19-CV-05189, 2021 WL 256810, at *2 (W.D. Ark. Jan. 25, 2021) ("A private individual or entity who reports a crime, provides information to the police, responds to questions by the police, and is a potential witness for the prosecution does not act under color of law."). Similarly, a private party who provides information to a state agency does not act under color of state law. *See, e.g., Carlson v. Roetzel & Andress*, 552 F.3d 648 (8th Cir. 2008) (actions of employer and its attorneys in making ex parte request for reconsideration of North Dakota's workers' compensation agency's award of workers' compensation benefits to employee did not make employer and its attorneys state actors within meaning of § 1983; employer and its attorneys were private parties who merely invoked state legal procedures).

## IV. CONCLUSION

The court finds upon initial review of Plaintiff's Complaint that it does not have subject-matter jurisdiction over any claims alleged. The case therefore will be dismissed without prejudice to refiling in state court.[1]

Accordingly,

---

[1] The court expresses no opinion as to whether a cognizable state-law claim is alleged in the Complaint.

3

IT IS ORDERED:

1. This action is dismissed without prejudice for lack of subject-matter jurisdiction.

2. Judgment shall be entered by separate document.

Dated this 2nd day of February, 2022.

                                        BY THE COURT:

                                        *Richard G. Kopf*

                                        Richard G. Kopf
                                        Senior United States District Judge